# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| JAMES C. M., | ) |
| | ) |
|     Plaintiff | ) |
| | ) |
| v. | )    No. 1:21-cv-00185-GZS |
| | ) |
| KILOLO KIJAKAZI, | ) |
| Acting Commisioner of | ) |
| Social Security, | ) |
| | ) |
|     Defendant | ) |

## RECOMMENDED DISMISSAL OF CASE

On June 28, 2022, after the Plaintiff's counsel, Daniel K. McCue, Esq., had failed to appear for oral argument in this and two other Social Security appeals, failed to respond to an order to show cause why oral argument should not be waived—resulting in a waiver of oral argument—and filed an inadequate response to a second order to show cause why this matter should not be dismissed for failure to prosecute, I issued a third order directing that he "(1) add one other attorney and one staff member from his office as secondary recipients of his CM/ECF notices for at least one year from the date of this order and (2) file a short status report certifying he has done so by July 5, 2022."  ECF No. 23.  I noted that I believed it would have been within my discretion at that time to recommend that this appeal be dismissed for failure to prosecute, citing *Chamorro v. Puerto Rican Cars, Inc.*, 304 F.3d 1, 4-5 (1st Cir. 2002), for the proposition that "the sanction of dismissal for want of prosecution is warranted for extreme misconduct such as repeatedly failing to follow court orders

1

and wasting the court's time." *Id*. at 2-3 (cleaned up).  However, I concluded after careful consideration that requiring Attorney McCue to add additional recipients to his CM/ECF notices—in combination with his earlier waiver of oral argument and the warnings contained in that third order—would suffice to deter similar conduct going forward.  *See id*. at 3.  I then warned Attorney McCue that failure to comply with my third order or future orders would "result in more severe penalties, including dismissal with prejudice, monetary sanctions, and/or disciplinary proceedings." *Id*.

Unfortunately, Attorney McCue did not avail himself of the opportunity afforded to avoid more severe penalties.  He neither filed the required status report nor added secondary CM/ECF recipients by July 5, 2022, nor has he done so since then.  He also filed no objection to my third order within the fourteen-day deadline for doing so.  Insofar as appears, Attorney McCue has abandoned prosecution of this case.

Accordingly, I recommend that this case be **DISMISSED** with prejudice for failure to prosecute.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated: July 13, 2022

/s/ Karen Frink Wolf
United States Magistrate Judge