UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

JAMES M.,                                    )
                                             )
              Plaintiff,                     )
                                             )
       v.                                    )          No.1:21-cv-00185-LEW
                                             )
KILOLO KIJAKAZI,                             )
Acting Commissioner of Social Security, )
                                             )
              Defendant.                     )

## ORDER CONCERNING RECOMMENDED
## DISMISSAL OF CASE

On July 13, 2022, the United States Magistrate Judge filed with the Court her
Recommended Dismissal of the Case (ECF No. 24).  I have reviewed and considered the
Recommended Dismissal, together with the entire record, and have made a *de novo*
determination of the matters adjudicated by the Recommended Dismissal. For the reasons
set out below, I decline to follow the Magistrate Judge's Recommended Dismissal.

### BACKGROUND

On July 2, 2021, Plaintiff sought judicial review of a social security administration
decision denying his application for social security benefits. His Complaint (ECF No. 1)
was filed by Attorney Daniel McCue.  After a series of service issues (ECF Nos. 4-10),
Defendant Kilolo Kijakazi, the Acting Commissioner of Social Security, filed an Answer
(ECF No. 13) to the Complaint on October 29, 2021. On November 29, 2021, Plaintiff filed
a Social Security Statement of Errors/Fact Sheet (ECF No. 16). On December 29, 2021,

the Defendant filed her Response (ECF No. 18). From there, oral arguments were scheduled before Magistrate Judge Karen Frink Wolf by video for June 15, 2022 (ECF No. 19).

Plaintiff failed to appear for oral arguments without advance notice to the Clerk's Office and an Order to Show Cause (ECF No. 20) was entered, requesting that Plaintiff show good cause in writing, on or before June 17, 2022, for why oral argument should not be deemed waived. On June 21, 2022, a Second Order to Show Cause (ECF No. 21) was issued for failure to meet the original deadline. At that point, Judge Wolf requested that Plaintiff show good cause in writing, no later than June 24, 2022, for why this case should not be dismissed for failure to prosecute. *Id.* Additionally, Judge Wolf deemed oral argument in this matter to be waived. *Id.*

On June 23, 2022, Plaintiff filed a Response (ECF No. 23) to the Order to Show Cause (ECF No. 21) stating that Attorney McCue was too ill to attend the hearing and that an associate from his law firm had spoken with the court clerk and relayed this message to the court on that date. In an Order (ECF No. 23) that terminated the same Order to Show Cause, Judge Wolf found this response to be "plainly inadequate[.]" *Id.* at 2. Additionally, Judge Wolf noted that "nothing in the response suggests an awareness of, or regret for, the impact of those failings on the Court, opposing counsel, or his own clients." *Id.* Judge Wolf ordered Attorney McCue to "(1) add one other attorney and one staff member from his office as secondary recipients of his CM/ECF notices for at least one year from the date of this order and (2) file a short status report certifying he has done so by July 5, 2022." *Id.* at

3.  Attorney McCue was then warned that failure to comply with this order would result in more severe penalties, such as dismissal with prejudice. *Id.*

On July 13, 2022, Judge Wolf issued her Recommended Dismissal of the Case (ECF No. 24). Therein, she explained that she recommended dismissal because Attorney McCue neither filed the required status report nor added secondary CM/ECF recipients by the July 5, 2022, deadline, thereby failing to "avail himself of the opportunity afforded to avoid more severe penalties," and because Attorney McCue failed to file an objection to the third order to show cause, leaving the impression that he has "abandoned prosecution of this case."  *Id.* at 2.

On July 27, 2022, Plaintiff filed a status report (ECF No. 25) explaining that Attorney McCue had added his paralegal and another attorney to his CM/ECF notices. Plaintiff then filed an Objection to the Recommended Dismissal of the Case (ECF No. 26). Attorney McCue explained that the issues stemmed from "poor IT management of federal court notifications" and an "overreliance on staff support, especially during times of illness." *Id.* at 1.  The plaintiff requested that the Court reject the Recommended Decision because "(1) failure to respond to the June 28, 2022, Order was a mistake made due to excusable administrative errors, (2) my disabled client has a meritorious claim to his disability benefits, and (3) failure to review the merits of my client's claim would be a disproportionate response to the mistakes made." *Id.* at 2.

Also on July 27, 2022, Plaintiff filed a Request for Reconsideration (ECF No. 28) asking that Judge Wolf modify her Recommendation of Dismissal and issue a recommended decision on the merits. On August 5, 2022, Defendant filed a Response to

Plaintiff's Request for Reconsideration (ECF No. 33), followed by Plaintiff's Reply (ECF No. 36). In her Order on Motion for Reconsideration (ECF No. 37), Judge Wolf was "not persuaded that justice requires reconsideration." *Id.* at 2. Judge Wolf explained: "Although I am sympathetic to Attorney McCue's struggles with illness, staffing, and practice management and appreciate his commitment to improving his procedures going forward, I do not find that these things justify or excuse his – and, by extension, the Plaintiff's – failure to (1) appear at oral argument, (2) respond to my first order to show cause, (3) adequately respond to my second order to show cause, and (4) timely comply with my order requiring simple remedial steps and warning that this case would be dismissed if those steps were not followed." *Id.*

Plaintiff requested a hearing be scheduled (ECF No. 38) to give Plaintiff the opportunity to elaborate on why this Court should not accept the Magistrate's Recommended Decision. Defendant opposed this request (ECF No. 41). I granted the motion (ECF No. 42), and oral arguments were heard on October 3, 2022.

## STANDARD OF REVIEW

Generally, a district court judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court. 28 U.S.C. § 636(b). Pursuant to the Local Rules, social security disability cases are automatically referred to a magistrate judge to issue a recommended decision on the merits. D. Me. Loc. R. 16.3(a)(2). When the magistrate judge issues procedural orders designed to manage the matter referred to her, such orders are subject to review under the deferential, clear error standard. 28 U.S.C. § 636(b)(1)(A). However, when in the course of proceedings the magistrate judge issues a

4

decision concerning a matter that would dispose of the case—a so-called "dispositive" matter—then absent the consent of the parties the magistrate judge can only make a recommended decision. *Id.* § 636(b)(1)(B); Fed. R. Civ. P. 72(b), 73. Upon review of the magistrate judge's recommendation on a dispositive matter, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to [and] may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed.R.Civ.P. 72(b)(3) (paraphrasing 28 U.S.C. § 636(b)).

## DISCUSSION

"[T]he effective administration of justice requires that trial courts possess the capability to manage their own affairs. The authority to order dismissal in appropriate cases is a necessary component of that capability." *Chamorro v. Puerto Rican Cars*, *Inc*., 304 F.3d 1, 4 (1st Cir. 2002) (citing *Chambers v. NASCO*, *Inc*., 501 U.S. 32, 43 (1991)). The First Circuit has continuously recognized that a failure of the plaintiff to prosecute or comply with a court order, in and of itself, is grounds for dismissal with prejudice. *E.g. Torres–Vargas v. Pereira*, 431 F.3d 389 (1st Cir. 2005); *Chamorro*, 304 F.3d at 4; *Tower Ventures, Inc. v. City of Westfield*, 296 F.3d 43 (1st Cir. 1987). However, this harsh sanction should only be employed "when a plaintiff's misconduct has been extreme." *Figueroa Ruiz v. Alegría,* 896 F.2d 645, 647 (1st Cir. 1990). "Dismissal as a sanction is reserved for cases of extremely protracted inaction (measured in years), disobedience of court orders, ignorance of warnings, contumacious conduct, or some other aggravating circumstances." *Doyle v. Town of Scarborough*, No. 2:15-CV-00227-JAW, 2017 WL

118019 (D. Me. Jan. 12, 2017) (citing *Esposito v. Home Depot U.S.A., Inc.*, 590 F.3d 72, 81 (1st Cir. 2009)).

This hesitancy to use such a harsh punishment stems from the judicial policy favoring the disposition of cases based on the merits. *Velazquez–Rivera v. Sea–Land Service, Inc.,* 920 F.2d 1072, 1075–76 (1st Cir.1990). With this policy in mind, the court has a "broad universe" of possible sanctions to consider. *Young v. Gordon*, 330 F.3d 76, 81 (1st Cir. 2003). "[T]he choice of an appropriate sanction must be handled on a case-by-case basis." *Id.*

"Common considerations in assessing what sanction is appropriate include the severity of the violation, the legitimacy of the party's excuse, repetition of violations, the deliberateness of the misconduct, mitigating excuses, prejudice to the other side and to the operations of the court, and the adequacy of lesser sanctions." *Afreedi v. Bennett*, 517 F. Supp. 2d 521, 527 (D. Mass. 2007) (citing, *Benitez-Garcia v. Gonzalez-Vega*, 468 F.3d 1, 5 (1st Cir. 2006)). The court must consider "the gravity of the violation and balance it with the need for order in the trial court, the prejudice of the other party, and the preference for disposing of a case on the merits." *Vazquez-Rijos v. Anhang*, 654 F.3d 122, 127 (1st Cir. 2011). "[W]here the case is close, courts should prefer less severe sanctions that preserve the possibility of disposition on the merits." *Pomales v. Celulares Telefonica, Inc.*, 342 F.3d 44, 48 (1st Cir. 2003).

The series of events that took place over the months of June and July of 2022 are troubling. Attorney McCue failed to appear at oral arguments without giving notice, did not timely or adequately respond to two orders to show cause, and did not appropriately

comply with Judge Wolf's order requiring simple remedial steps to be taken. All of this was done under the clear warning given by Judge Wolf that if these steps were not followed, dismissal was a possibility. Meanwhile, prior to recommending dismissal, Judge Wolf had deemed oral arguments waived, ordered Attorney McCue to revise how he managed his office, and also required Attorney McCue to file a status report explaining his errors.

I appreciate Judge Wolf's decision to recommend dismissal of this case with prejudice, particularly in response to a rather blithe show cause presentation from counsel. The decision is reasonable, defensible and clearly the product of much diligence, thoughtfulness and patience. Judge Wolf's decision drives home for Attorney McCue how categorically unacceptable his conduct is and the deleterious effect that such missteps have on the Court's work and potentially his own clients. I expect that Judge Wolf's decision, and the resulting cortisol release, have caused counsel to proceed with rapt attention and a proper orientation toward the high, yet achievable, standard of practice in this Court so that the Court may devote the bulk of its calories expended toward resolving disputes brought before it rather than to be an auxiliary law office management consultant.

The sanctions Judge Wolf imposed short of dismissal sufficiently put counsel on notice of how unacceptable his casual attitude toward the Court has been in the prosecution of this case, which also will preserve for his clients[1] their day in court. I account that these transgressions occurred over a two-month period during a time of illness. By rejecting the

---

[1] These missteps involved three different social security appeals and Judge Wolf's recommended dismissal of all three cases due to Attorney McCue's transgressions. I am entering the same order as to all of the recommended dismissals.

recommendation of dismissal, I do not minimize the error of Attorney McCue's ways and, instead, trust that this near-miss experience has stimulated his interest in developing more robust office-management systems so to avoid what basically amounts to a cascading series of "the-dog-ate-the-homework" excuses.

CONCLUSION

For the foregoing reasons, I decline to follow the Recommended Dismissal of the Case. The clerk will refer this matter for a recommended decision on the merits.

**SO ORDERED.**

Dated this 12th day of October, 2022.

/s/ Lance E. Walker<br>UNITED STATES DISTRICT JUDGE