UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JAMES M., | ) |
| | ) |
|       Plaintiff | ) |
| | ) |
| v. | )   No. 1:21-cv-00185-LEW |
| | ) |
| KILOLO KIJAKAZI, | ) |
| Acting Commissioner of | ) |
| Social Security, | ) |
| | ) |
|       Defendant | ) |

**REPORT AND RECOMMENDED DECISION**

The Plaintiff in this Social Security Disability appeal contends that the Administrative Law Judge (ALJ) erred in assessing physical and mental limitations unsupported by any expert opinion. *See* Statement of Errors (ECF No. 16) at 7-12. I find no reversible error and recommend that the Court affirm the Commissioner's decision.

**I. Background**

The ALJ found, in relevant part, that the Plaintiff (1) had the severe impairments of post-traumatic stress disorder, right shoulder osteoarthrosis/ degenerative joint disease, insomnia/sleep apnea, chronic obstructive pulmonary disease, pulmonary nodules, lumbago, and sciatica, *see* Record at 19, and (2) retained the residual functional capacity (RFC) to perform light work except that he could push and pull twenty pounds occasionally and ten pounds frequently; occasionally operate foot controls bilaterally; occasionally climb and crawl; frequently stoop, kneel,

1

and crouch; occasionally reach overhead with his right upper extremity and frequently reach in all other directions; needed to avoid concentrated exposure to extremes of heat or cold and atmospheric conditions that irritate the respiratory system, eyes, or skin; needed to avoid work at unprotected heights or hazardous moving machinery; could understand, remember, and carry out simple to the lower end of detailed tasks, make work-related decisions, accept instructions, and adapt to changes in a routine work setting and maintain attention and concentration to perform those tasks independently, appropriately, and at a consistent work pace; should avoid public interaction; could occasionally interact with supervisors and coworkers; and should not perform work requiring teamwork or collaboration with coworkers, *see id.* at 21-22. Based on vocational testimony that a significant number of jobs were available to a person with the Plaintiff's RFC, the ALJ found him not disabled. *See id.* at 27-29. The Appeals Council denied the Plaintiff's request to review the ALJ's decision, *see id.* at 1-4, making that decision the final determination of the Commissioner, *see* 20 C.F.R. § 404.981.

## II. Standard of Review

A final decision of the Commissioner is subject to judicial review to determine whether it is based on the correct legal standards and supported by substantial evidence. *See* 42 U.S.C. § 405(g); *Seavey v. Barnhart*, 276 F.3d 1, 9 (1st Cir. 2001). Substantial evidence in this context means evidence in the administrative record that a reasonable mind could accept as adequate to support an ALJ's findings. *See Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). If an ALJ's findings are supported by

substantial evidence, they are conclusive even if the record could arguably support a different result. *See Irlanda Ortiz v. Sec'y of Health & Hum. Servs.*, 955 F.2d 765, 769 (1st Cir. 1991). But an ALJ's findings "are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999).

### III. Discussion

The Plaintiff first contends that the ALJ failed to develop the record and inappropriately relied on her own lay opinion in finding that he could only occasionally operate foot controls bilaterally and needed to avoid concentrated exposure to atmospheric conditions that irritate the respiratory system, eyes, or skin. *See* Statement of Errors at 7-10. These arguments are unavailing.

The Plaintiff asserts that because the record is devoid of evidence that he required foot control limitations[1] and contains no expert opinion supporting the ALJ's finding that he needed to avoid concentrated (versus all) exposure to atmospheric conditions, the ALJ should have sent him—or his records—to experts in appropriate fields to determine the extent of any limitations. *See id.* Yet, while ALJs have "a duty to develop an adequate record from which a reasonable conclusion can be drawn," claimants bear "the burden of producing the evidence and proving impairment." *Ribeiro v. Barnhart*, 149 F. App'x 7, 8 (1st Cir. 2005) (cleaned up).

---

[1] The Plaintiff notes, for example, that "no doctors mentioned . . . whether he would have difficulty using foot controls" and that the ALJ identified no evidence that he had "any difficulty driving his car using the pedal or any other issues with foot control." Statement of Errors at 8-9.

Moreover, an ALJ's failure to further develop the record "does not constitute an abuse of discretion unless the examination was necessary to enable the ALJ to determine disability," *Charles T. C. v. Saul*, No. 1:19-cv-00564-NT, 2020 WL 5370551, at *6 (D. Me. Sept. 7, 2020) (rec. dec.), *aff'd*, 2020 WL 5801080 (D. Me. Sept. 28, 2020), and a "reversal due to an ALJ's alleged failure to develop the record is only warranted where such failure is unfair or prejudicial," *Faria v. Comm'r of Soc. Sec.*, No. 97-2421, 1998 WL 1085810, at *1 (1st Cir. Oct. 2, 1998) (cleaned up).  The Plaintiff makes no showing either that the ALJ abused her discretion or that the record development he contends was necessary would have made any material difference.

The Plaintiff argues, in the alternative, that the ALJ impermissibly construed raw medical evidence in assessing foot control and environmental limitations, warranting remand.  *See* Statement of Errors at 7, 10; *Gordils v. Sec'y of Health & Hum. Servs.*, 921 F.2d 327, 329 (1st Cir. 1990) (Although an ALJ is not "precluded from rendering common-sense judgments about functional capacity based on medical findings," he or she "is not qualified to assess [RFC] based on a bare medical record.").  Yet, again, he fails to show prejudicial error.

That the ALJ assessed foot control limitations absent evidence that such limitations were required suggests that, rather than construing raw medical evidence, she assessed an RFC more favorable to the Plaintiff than the record would otherwise support.  *See, e.g.*, *Pressey v. Berryhill*, No. 2:16-cv-00425-JDL, 2017 WL 2731308, at *5 (D. Me. June 25, 2017) (rec. dec.) (finding that an ALJ assessed an RFC more favorable than the evidence would otherwise support when the record

4

contained opinions of three experts deeming claimant "less physically restricted than found by the ALJ"), *aff'd*, 2017 WL 3711558 (D. Me. Aug. 28, 2017).  In any event, for the reasons discussed above, she has not shown that the assessment of foot control limitations was prejudicial.

The Plaintiff also argues that the ALJ construed raw medical evidence in determining that he needed to avoid concentrated exposure to certain atmospheric conditions when agency nonexamining consultants assessed no atmospheric limitations and a treating physician found that he should avoid fumes, odors, and dust.  *See* Statement of Errors at 9-10.  Yet, any error is harmless.  As the Commissioner observes, *see* Defendant's Opposition (ECF No. 18) at 12, even if the Plaintiff needed to avoid all atmospheric/environmental irritants, the jobs the ALJ found him capable of performing do not require any such exposure, *compare* Record at 28 *with* U.S. Dep't of Lab., *Dictionary of Occupational Titles* (4th ed., rev. 1991) §§ 209.587-034, 1991 WL 671802 (marker), 209.687-026, 1991 WL 671813 (mail clerk), 222.587-038, 1991 WL 672123 (router), 249.587-014, 1991 WL 672348 (cutter-and-paster, press clippings), 249.587-018, 1991 WL 672349 (document preparer, microfilming), 713.687-018, 1991 WL 679271 (final assembler).

The Plaintiff finally contends that the ALJ disregarded expert medical opinion and substituted her lay judgment in deeming him able to accept instructions, asserting that "the ALJ should have incorporated in her RFC that [he] be given written instructions."  Statement of Errors at 10-11.  Yet, none of the experts on whose opinions the Plaintiff relies found that he was limited to accepting instructions

in writing. Agency nonexamining consultants Leela Reddy, M.D., and Don Marler, Ph.D., deemed him "able to understand, remember, and carry out detailed instructions," Record at 134, 148, and treating source Heather Bowker, N.P., indicated that he had "[n]o useful ability to function" in "[a]ccept[ing] instructions," *id*. at 1882-83. The ALJ accorded only partial weight to the Reddy and Marler opinions and little weight to the Bowker opinion, *see id*. at 26, and the Plaintiff has not argued that she erred in so doing.

Accordingly, remand is unwarranted based on this final point of error.

### IV.  Conclusion

For the foregoing reasons, I recommend that the Commissioner's decision be **AFFIRMED**.

### *NOTICE*

*A party may file objections to those specified portions of a Magistrate Judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which <u>de novo</u> review by the District Court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to <u>de novo</u> review by the District Court and to appeal the District Court's order.*

Dated: December 1, 2022

/s/ Karen Frink Wolf  
United States Magistrate Judge